UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NORTH ATLANTIC SECURITIES, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:11-cv-00235-JAW |
| JUDITH M. SHAW, individually and in her capacity as Securities Administrator of the Maine Office Of Securities, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON RENEWED MOTION
FOR TEMPORARY RESTRAINING ORDER**

Following this Court's September 25, 2011 Order denying their original motion for temporary restraining order (TRO), on October 11, 2011, the Plaintiffs renewed their motion for a TRO, again asking that the Court either stay the state of Maine's Office of Securities' (Office) hearings or order the disqualification of Judith Shaw as the final decisionmaker. *Order on Pls.' Appl. for TRO* (Docket # 26) (*Order*); *Mem. in Support of Pls.' Mot. to Renew Pls.' Appl. for a TRO* (Docket # 29) (*Renewed Appl.*).   The Plaintiffs claim that Judith Shaw, the Securities Administrator of the Office, conducted the September 26, 2011 Kiselev Hearing in an overtly biased manner, which contradicted her prior assurances of impartiality; that Ms. Shaw's prior affidavit concealed facts, which should have been disclosed and which would have shed light on the nature and extent of her biases; that a

1

subsequent order from the Office seeking to bar Anthony Goodman from representing the remaining Plaintiffs at the scheduled October 26, 2011 hearing is an attempt to render the Plaintiffs defenseless and further demonstrates bias; and finally that the Office is infected with structural bias because it published Notices, which reflect Ms. Shaw's predetermination of the issues now before her. *Renewed Appl.* at 5-20. The Office responded, disputing the Plaintiffs' contentions. *Def.'s Mem. in Opp'n to Pls.' Mot. to Renew Pls.' Appl. for a TRO* (Docket # 30) (*Def.'s Opp'n*). The Plaintiffs replied on October 20, 2011. *Reply Mem. in Further Support of Pls.' Mot. to Renew Pls.' Appl. For a TRO* (Docket # 32) (*Reply*).

In its September 25, 2011 Order, the Court reviewed the standards for the issuance of a TRO in this case. *Order* at 4-11. Three of these factors are unchanged. There is still an ongoing state proceeding, the state still has important interests, and the Plaintiffs still have an adequate opportunity to advance federal constitutional challenges in state court. Even though the Plaintiffs may contend that they have been deprived of a fair hearing by Ms. Shaw, they have made no such claim about the state court system in Maine. Not only do they have the right to judicial review of the pending appeal, but they also have the right to judicial review of the conduct of this hearing.

The question narrows to whether the Plaintiffs have demonstrated "extraordinary circumstances" justifying the federal court's intervention into an ongoing state proceeding. *See Esso Std. Oil Co. v. Lopez-Freytes*, 522 F.3d 136, 143 (1st Cir. 2008). To meet this criterion, the Plaintiffs must show "extreme bias

completely render[ing] a state adjudicator incompetent and inflict[ing] irreparable harm upon the petitioner." *Id.* The Court concludes on this truncated and hotly contested record that the Plaintiffs have not met the burden of demonstrating such extreme bias on the part of Ms. Shaw necessary to justify its intervention in an ongoing state proceeding.

In the time squeeze the parties have placed on the Court, the Court simply cannot properly evaluate on this record the multiple charges and countercharges in the parties' filings. The Plaintiffs say that Ms. Shaw made inconsistent rulings, blocked cross-examination in critical areas, hid relevant material in her affidavit, and patently strove to uphold her initial determination. *Renewed Appl.* at 2, 4; *Reply* at 4. The Office essentially says that Mr. Goodman spent a large part of the hearing attempting to provoke Ms. Shaw, making rude and unprofessional asides, and generally obstructing the orderly presentation of evidence. *Def.'s Opp'n* at 5-11.

Whatever the Court may determine upon a more thorough and dispassionate presentation, the Court readily determines that the Plaintiffs have not sustained their burden of demonstrating that the "extraordinary circumstance" exception to *Younger* abstention justifies its intervention in a pending state proceeding.

The Court DENIES the Plaintiffs' Renewed Application for a Temporary Restraining Order (Docket # 29).

SO ORDERED.


                                    /s/ John A. Woodcock, Jr.
                                    JOHN A. WOODCOCK, JR.
                                    UNITED STATES DISTRICT COURT

Dated this 25th day of October, 2011